IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN LAVON SMILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:08cv690-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Darren Lavon Smiley ("Smiley") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On November 16, 2005, a jury found Smiley guilty of possession of a firearm by a convicted felon. *See* Criminal Docket for Case No. 2:05cr44-MEF. Sentence was imposed on March 30, 2007, with Smiley receiving a term of 360 months' imprisonment, to run concurrently to any sentence in state court cases that were pending against him. Smiley appealed to the Eleventh Circuit Court of Appeals, and on January 16, 2008, that court affirmed his conviction and sentence. *United States v. Smiley*, 263 Fed.Appx. 765 (11th Cir. Jan. 16, 2008) (No. 07-11641, unpublished). Smiley did not file a petition for certiorari with the United States Supreme Court.

Smiley filed this § 2255 motion on August 20, 2008.[1] In his motion, Smiley claims

---

[1] Although the motion was date-stamped "received" in this court on August 22, 2008, under the "mailbox rule," the court deems it filed on the date Smiley delivered it to prison authorities for mailing, presumptively August 20, 2008, the date on which he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72

that his October 2004 arrest was illegal because police officers lacked probable cause to support the arrest.[2]  For the reasons that follow, this court concludes that Smiley is not entitled to any relief and that his § 2255 motion is due to be summarily dismissed.  *See Rule 4(b), Rules* Governing Section 2255 Proceedings in the United States District Courts.

## DISCUSSION

It has long been recognized that an "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *see also United States v. Crews*, 445 U.S. 463, 474 (1980); *United States v. Darby*, 744 F.2d 1508, 1531 (11th Cir. 1984); *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007).  Because Smiley seeks habeas relief through his § 2255 motion, his claim that his arrest was illegal is of no relevance, and this court need not decide the question of whether probable cause existed for his arrest.[3]  The answer to that question would not hold the key to Smiley's release.

Because it plainly appears that Smiley is not entitled to habeas relief, his § 2255 motion is due to be summarily denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

---

(1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]Smiley actually asserts this claim as two separate grounds for relief in his motion.  However,  both grounds present essentially the same argument:  that Smiley's arrest was illegal because it was not supported by probable cause.  *See* § 2255 Motion (Doc. No. 1) at pp. 4-6.

[3]Smiley does not assert that evidence was obtained and used against him as a result of the allegedly unlawful arrest.

U.S.C. § 2255 motion filed by Smiley be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 24, 2008.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of September, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3